ARNALL GOLDEN GREGORY LLP
171 17th Street N.W.
Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
Darryl S. Laddin (DL-5130)
Frank N. White

Attorneys for Defendant NIIT (USA), Inc.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BEARINGPOINT, INC., *et al.*,<br><br>             Debtors. | Chapter 11<br><br>Case No. 09-10691 (REG)<br><br>(Jointly Administered) |
| JOHN DeGROOTE SERVICES, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>NIIT (USA), INC.,<br><br>             Defendant. | Adversary No. 10-03854 (REG) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Defendant NIIT (USA), Inc. ("NIIT") submits its Answer and Affirmative Defenses to Plaintiff's Complaint in the above-captioned adversary proceeding, showing the Court as follows:

**ANSWER**

NIIT answers the individually numbered paragraphs of the Complaint as follows:

2915583v1

## Jurisdiction and Venue

1. NIIT admits the allegations set forth in paragraph 1 of the Complaint.

2. NIIT admits the allegations set forth in paragraph 2 of the Complaint.

3. NIIT admits the allegations set forth in paragraph 3 of the Complaint.

4. NIIT admits the allegations set forth in paragraph 4 of the Complaint.

## Parties

5. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. NIIT admits the allegations set forth in the first sentence of paragraph 11 of the Complaint. NIIT denies the remaining allegations set forth in paragraph 11 of the Complaint, and specifically denies that it has been served with process as alleged therein.

### Count I: Avoidance and Recovery of Preferential Transfers

12. In response to paragraph 12 of the Complaint, NIIT hereby incorporates its responses to the allegations in paragraphs 1 through 11 of the Complaint as set forth above.

13. NIIT denies the allegations set forth in paragraph 13 of the Complaint.

14. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. NIIT denies the allegations set forth in paragraph 15 of the Complaint.

16. NIIT denies the allegations set forth in paragraph 16 of the Complaint.

17. NIIT denies the allegations set forth in paragraph 17 of the Complaint.

18. NIIT lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. NIIT denies the allegations set forth in paragraph 19 of the Complaint.

20. NIIT denies the allegations set forth in paragraph 20 of the Complaint.

21. NIIT denies the allegations set forth in paragraph 21 of the Complaint.

### Count II: Disallowance of Claims Under 11 U.S.C. § 502(d)

22. In response to paragraph 22 of the Complaint, NIIT hereby incorporates its responses to the allegations in paragraphs 1 through 21 of the Complaint as set forth above.

23. NIIT denies the allegations set forth in paragraph 23 of the Complaint.

**AFFIRMATIVE DEFENSES**

NIIT asserts its Affirmative Defenses to the Complaint as follows:

**First Affirmative Defense**

Plaintiff has failed to sue the correct legal entity that did business with Debtor BearingPoint, Inc. ("BearingPoint") and may have received and/or benefited from the transfers alleged in the Complaint. BearingPoint's contractual and business relationship was with NIIT's corporate affiliate, NIIT Technologies, Inc. ("NIIT Tech"). NIIT Tech alone provided any and all services to BearingPoint, NIIT Tech alone issued invoices to BearingPoint, and BearingPoint's payment obligations were owed solely to NIIT Tech. Although BearingPoint's checks paying for services provided by NIIT Tech were erroneously made payable to NIIT, they were received by NIIT Tech, accepted for deposit in NIIT Tech's bank account(s) and the funds were retained solely by NIIT Tech. NIIT Tech, and not NIIT, was therefore the recipient of any transfers by BearingPoint, and should be the named defendant in this adversary proceeding. To date, however, NIIT Tech has neither been named as a defendant nor served with process in this proceeding. In the event and to the extent that NIIT Tech is substituted as the named defendant in this proceeding, NIIT Tech has and will assert all of the same affirmative defenses to the Complaint that are asserted on behalf of NIIT herein.

**Second Affirmative Defense**

The Complaint, including each and every cause of action therein, fails to state a claim against NIIT for which relief may be granted.

**Third Affirmative Defense**

To the extent that BearingPoint transferred any interest in property to or for the benefit of NIIT during the ninety day period prior to the Petition Date, such transfers were intended by BearingPoint and NIIT to be contemporaneous exchanges for new value, and the transfers were, in fact, contemporaneous exchanges. *See* U.S.C. § 547(c)(1).

**Fourth Affirmative Defense**

To the extent that BearingPoint transferred any interest in property to or for the benefit of NIIT during the ninety day period prior to the Petition Date, such transfers were in payment of a debt incurred by BearingPoint in the ordinary course of business or financial affairs of BearingPoint and NIIT and either (i) made in the ordinary course of business or financial affairs of BearingPoint and NIIT or (ii) made according to ordinary business terms. *See* 11 U.S.C. § 547(c)(2).

**Fifth Affirmative Defense**

To the extent that BearingPoint transferred any interest in property to or for the benefit of NIIT during the ninety day period prior to the Petition Date, such transfers were made for new value given to or for the benefit of BearingPoint not secured by an otherwise unavoidable security interest and on account of which new value BearingPoint did not make an otherwise unavoidable transfer to or for the benefit of NIIT. *See* 11 U.S.C. § 547(c)(4).

**Sixth Affirmative Defense**

NIIT is entitled to setoff or recoupment against any claim for the amounts owed to it, if any, by BearingPoint for unpaid post-petition goods and/or services which are entitled to an administrative expense priority under 11 U.S.C. § 503.

**Seventh Affirmative Defense**

To the extent that BearingPoint transferred any interest in property to or for the benefit of NIIT during the ninety day period prior to the Petition Date, such transfers may have been made in connection with contracts that were assumed in BearingPoint's bankruptcy case and would therefore not be avoidable.

**Eighth Affirmative Defense**

To the extent that BearingPoint transferred any interest in property to or for the benefit of NIIT during the ninety day period prior to the Petition Date, such transfers are not avoidable on the grounds and statutory bases alleged, to the extent that any of them did not bear the requisite characteristics, or were not made under the requisite circumstances, provided in 11 U.S.C. § 547(b).

**Ninth Affirmative Defense**

Plaintiff's Complaint fails for lack of proper service of process on NIIT.

**Tenth Affirmative Defense**

NIIT denies each and every allegation of the Complaint not expressly admitted, denied or otherwise controverted or qualified above, and further denies that the Plaintiff is entitled to any relief whatsoever from NIIT.

WHEREFORE, NIIT respectfully requests that the Court enter an Order dismissing the Complaint, including each and every claim set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in favor of NIIT and against the Plaintiff with respect to all matters before this

Court, and that NIIT be granted such other and further relief as the Court deems just, equitable and proper.

Dated: November 3, 2010.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/ Darryl S. Laddin
Darryl S. Laddin (DL-5130)
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8500
Fax: (404) 873-8121
dladdin@agg.com

Attorneys for NIIT (USA), Inc.

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 on the following by electronic filing, and by placing a copy in the United States Mail, postage paid, addressed as follows:

> Peter S. Goodman, Esq.
> McKool Smith PC
> One Bryant Park, 47th Floor
> New York, NY 10036
>
> Basil A. Umari, Esq.
> Nicholas Zugaro, Esq.
> McKool Smith PC
> 600 Travis Street, Suite 7000
> Houston, TX 77002

This 3rd day of November, 2010.

/s/ Frank N. White
Frank N. White